710

PAULINO CORTÉS CORTÉS, Plaintiff, Third party Appellant, *v.* LUIS MARTÍNEZ ALMODÓVAR ET AL., Defendants Third party Appellees.

No. 9841.   Argued February 1, 1949.—Decided March 30, 1949.

*Néstor A. Rodríguez Escudero* for appellant.   *Héctor Reichard* for appellee Martínez Almodóvar.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

Luis Martínez Almodóvar sued Donato Medina Font in the District Court of Aguadilla for the recovery of $1,100. In order to secure the effectiveness of the judgment, he attached certain machinery for the manufacture of furniture as belonging to the defendant.

Paulino Cortés Cortés, pursuant to the Act to provide for the Trial of the Right to Personal Property of March 14, 1907, (Sess. Laws, p. 308), sued Martínez Almodóvar and Medina Font, claiming that the attached machinery belonged to him because he had purchased it from Medina Font.

The defendant Luis Martínez Almodóvar answered the complaint in intervention and alleged that Cortés and Medina Font, the codefendant in the complaint in intervention, had agreed to simulate the sale of the machinery without consideration, in order to defraud him.

The issue being thus joined, the case was tried and the complaint in intervention was dismissed. Feeling aggrieved by this decision, the plaintiff in intervention filed the present appeal.

██ In his first assignment he alleges that the lower court erred in overruling his motion for nonsuit filed after the presentation of the evidence of appellee Martínez Almodóvar inasmuch as the said evidence did not show that the deed of sale of the machinery was made in fraud of creditors.

Rule 41(b) of the Rules of Civil Procedure provides:

". . . After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. . . ."

Rule 41(c) prescribes that:

"The provisions of this rule apply to the dismissal of any counterclaim, cross-claim, or third-party claim. . . ."

In the case at bar the third party was plaintiff appellant inasmuch as defendant in his answer to the complaint did not set up any counterclaim, cross-claim or third-party claim. Accordingly, the motion for nonsuit filed by the appellant did not lie. After the defendant introduced his evidence, the case was submitted to the court on its merits and a motion for nonsuit was improper. The error assigned was not committed.

██ The other errors assigned which merit our consideration are directed against the weighing of the evidence and shall be discussed as one.

The appellant testified that on June 24, 1947, he had pur-chased some machines from appellee Medina Font by a deed of sale executed before Notary Baltasar Quiñones Elías; that he purchased the machinery for $1,500; that he did not make the payment at the time of executing the deed but paid it in cash that same afternoon; that although it appears in the deed that he paid the money prior to the execution of the deed, he paid for the machinery after its execution; that he was in the business of purchase and sale of houses in which he earned some money; that after he purchased the machinery he leased it to Medina Font for $40 monthly; that Medina Font did not give him any security. Upon being examined by the judge of the lower court he said that he had not demanded any security for the lease because he had done business with Medina Font before and he had always paid.

Donato Medina Font testified that he had sold the ma-chinery to Cortés Cortés for $1,500 on June 24, 1947; that the machinery which he had sold to appellant was attached on July 12, 1947; that when he sold the machinery he was not aware that it was going to be attached; that he sold the machinery in order to pay some debts; that he had leased other machinery from appellant and that the latter loaned him money; that after he sold the machinery he made a verbal contract whereby he leased from appellant at $40 monthly the machinery which he had sold him.

This was appellant's evidence. We shall now examine the evidence of appellee Martínez Almodóvar.

Witness Francisco García Vázquez testified that Donato Medina Font had told him that the shop, including the ma-chinery, belonged to him; that he loaned money to Medina Font on account of the furniture and that the last time they met Medina told him that he was trying to recover the ma-chinery which had been attached in order to begin working again.

Luis Martínez Almodóvar, the appellee, testified that he deals in the furniture business that on June 24, 1947, he had a conversation with Paulino Cortés Cortés, the plaintiff in intervention, and told him that the economic situation of Donato Medina Font was becoming critical, that witness would have to attach Medina's property because Medina did not pay him the money he owed.

Attorney Franco Tulio Sánchez testified that he is acquainted with Donato Medina Font, who occupies a house belonging to him in 51 Progreso Street where he has a carpentry shop; that at the end of June 1947 he thought of entering into partnership with Medina Font, contributing with a certain amount of money and the premises, while Medina Font would contribute with the shop and the machinery installed therein, but that the transaction was never carried out.

The lower court in weighing this evidence stated the following:

"   .      .      .      .      .      .      ,      ,

"The Court, after weighing the evidence introduced in this case finds that the preponderance of the evidence is in favor of the defendant Luis Martínez Almodóvar and against the plaintiff in intervention and to that effect settles the conflict in the evidence. Section 162, subd. 5, Law of Evidence.

"The testimony of the third party is not very reliable. He testified that he is a business man, yet he assumed an attitude different from that generally assumed by business men in their daily work. It is impossible to conceive that the plaintiff would invest $1,500 without taking the necessary steps to secure his investment. The plaintiff said that he loaned money on mortgages, that is, with the proper securities. It should be borne in mind, besides, that the deed of sale of the machinery in question, admitted in evidence, does not establish any presumption as to the payment of the price, inasmuch as the notary only certifies that the vendor Donato Medina Font confessed having received it prior to the execution of said deed. It is also significant that it was not stated in the deed of sale that the vendor

would continue in possession of the machinery by a lease. The behavior of the contracting parties is rather strange. On one hand plaintiff seeks to make us believe that a real and effective sale took place by the aforesaid deed, while on the other hand he seems wholly indifferent to his interest by failing to take the proper steps for his security. The testimony of the third party and of the codefendant Donato Medina Font did not carry to the mind of the Court the moral certainty with which the testimony of witnesses, who merit entire credence, should impress the mind of the Judge. Both the third party and the codefendant Donato Medina Font state in the deed of sale that the price of the machinery was received by the latter, that is, by Donato Medina Font, prior to the execution thereof, but later they contradict this statement by averring that it was paid subsequently. Hence their testimony was weakened in such an essential point, taking into consideration that the allegation of the defendant in this case is that the alleged sale was made for a simulated price which was not paid, either wholly or in part, or in any manner whatsoever by the plaintiff in intervention.

"It is an admitted fact that the machinery in question was attached in possession of Donato Medina Font in his own shop. The creditor makes out a prima facie case when he attaches property in possession of the debtor. *Garau* v. *Delgado*, 46 P.R.R. 222. Alienations in which the notary does not certify to the delivery of the price are presumed to have been executed without consideration when creditors seek their nullity, unless it be shown that the price was delivered, which fact was not established in this case by clear and convincing evidence. *Colón* v. *Schluter*, 48 P.R.R. 859.

"As to the evidence of the defendant Luis Martínez Almodóvar we wish to state that his testimony, like that of his witnesses, merit our entire credence."

Since the trial court did not believe the testimony of appellant and the evidence of the appellee Martínez Almodóvar is sufficient to support its conclusion, it did not err in dismissing the complaint. See *Colón* v. *Schluter*, *supra*, and cases cited therein.

The judgment will be affirmed.